UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffrey S. Hall, | ) |
|                     Petitioner, | ) C/A No. 4:15-2132-PMD-TER |
| vs. | ) REPORT AND RECOMMENDATION |
| Warden Linda Thomas, | ) |
|                     Respondent. | ) |

The petitioner, Jeffrey S. Hall ("Petitioner"), is a federal prisoner proceeding pro se, who files a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the execution of his sentence by the Bureau of Prisons ("BOP") in its application of the Inmate Financial Responsibility Program to Petitioner's payment of court ordered restitution. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) DSC, the assigned magistrate judge is authorized to review all pretrial matters in this case and to submit findings and recommendations to the district court.

Pro Se Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in this case. This court is charged with reviewing a petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" and dismissing such petitions. Rules Governing Section 2254 Cases, Rule 4; see also Rules Governing Section 2254 Cases, Rule 1(b) (a district court may apply rules governing § 2254 habeas petitions to § 2241 petition). This court is also required to construe pro se petitions liberally. Erickson v. Pardus, 551 U.S. 89, 94, 127

S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Such pro se petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a pro se petition, the petitioner's allegations are assumed to be true, Hughes, 449 U.S. at 9, but the requirement of liberal construction does not mean that the court can ignore a failure to allege facts which set forth a claim currently cognizable in federal a district court. Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir.1990).

## Background

Petitioner indicates he was convicted in the in the District of Maine, Portland Division for "armed robbery, aiding and abetting" and "using and carrying a firearm in relation to a violent crime." See Petition, p. 3. In addition to a sentence of imprisonment, Petitioner states he was ordered to pay restitution joint and severally with his co-defendants in the amount of $24,739.26, which Petitioner indicates was ordered to be due "in full immediately." Id. p. 3-4. Petitioner alleges that the sentencing court in his case failed to set forth a proper payment payment schedule, and suggests that the sentencing court implicitly and impermissibly delegated to the BOP the court's obligation to set a payment schedule such that the BOP lacks authority to collect Petitioner's restitution payments. Id. at p. 9-10. Petitioner also alleges that the sentencing court failed to specify the statute under which it was ordering restitution, albeit "the Victim Witness Protection Act, 18 U.S.C. Section 3663," or "the Mandatory Victims Restitution Act, 18 U.S.C. Section 3663A."

The Petition alleges that Petitioner has exhausted administrative remedies concerning the issues raised in his instant petition. See Petition at p. 4. Petitioner files this § 2241 petition seeking "an Order instructing the Federal Bureau of Prisons to Cease and Desist the collection of funds from

[Petitioner's ] inmate account" and that Petitioner be listed as IFRP "Exempt," or "No Obligation" from further restitution payments until Petitioner's release. Id. at p. 19.

The BOP's Inmate Financial Responsibility Program ("IFRP") is a voluntary program that encourages "each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R § 545.10. The program allows for the development of a financial plan so that inmates may satisfy obligations, such as restitution payments, while imprisoned. See id. § 545.11(a). To encourage participation in the IFRP, an inmate who refuses to comply with an established financial plan may lose some privileges and eligibility for community-based programs. See id. § 545.11(d).

## Analysis

Petitioner is challenging the application of the BOP's financial program, the IFRP, to payment of his court-ordered restitution, which is properly brought as a petition for habeas relief under 28 U.S.C. § 2241.[1] See United States v. Childs, 126 F. App'x. 96 (4th Cir.2005) (unpublished) (challenge to implementation of criminal fines does not seek release from custody, and thus arises under § 2241). Petitioner contends that the BOP's collection of restitution payments from him is

---

[1] A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the proper method to challenge the execution of a federal sentence. See Moore v Warden FCI Edgefield, 2011 WL 5827607 (2011) (citing United States v. Little, 392 F.3d 671, 679 (4th Cir.2004). See also U.S. v. Gripper, No. 06–7928, 2007 WL 1115953 at ——1 (4th Cir. April 16, 2007) (construing a challenge to the "implementation of the restitution portion" of a prisoner's sentence as a § 2241 petition)). However, several circuit courts have held that a prisoner cannot challenge the legality of a restitution order by filing a writ pursuant to § 2241. Id. (citing Arnaiz v. Warden, Federal Satellive Low, 594 F.3d 1326,1329 (11th Cir.2010); Cox v. Warden, Federal Detention Center, 911 F.2d 1111, 1114–15 (5th Cir.1990) (affirming district court's dismissal of a § 2241 petition on jurisdictional grounds to the extent the petition challenged the imposition of any form of restitution). See also U .S. v. Banks, 422 Fed. Appx. 137, 140 (3rd Cir. Apr.4, 2011). To the extent that the instant Petition challenges the legality of the sentencing court's restitution order, rather than the execution of Petitioner's sentence, it is not cognizable under § 2241. See Martin v. U.S., No.Civ.A. 1:03CV213, 2006 WL 231485 at *3 (N.D.W.Va. Jan.31, 2006) (noting that, while a challenge to the execution of a restitution order may be reviewed under § 2241, a challenge to the sentencing court's imposition of restitution is not cognizable under that statute).

improper and is an inappropriate delegation of the sentencing court's obligation to set a payment schedule, as well as in contravention of the Victim Witness Protection Act and the Mandatory Victims Restitution Act because the sentencing court did not set a schedule of payments and did not make all of the appropriate findings Petitioner suggests are statutorily required. ECF No. 1. Petitioner cites 18 U.S.C. 3663(a)(1)(B) (i)(ii): "The court, in determining whether to order restitution under this section, shall consider--(I) the amount of the loss sustained by each victim as a result of the offense; and (II) the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate. To the extent that the court determines that the complication and prolongation of the sentencing process resulting from the fashioning of an order of restitution under this section outweighs the need to provide restitution to any victims, the court may decline to make such an order." This section further provides that "An order of restitution made pursuant to this section shall be issued and enforced in accordance with section 3664." Petitioner in turn quotes § 3664(f)(2), which states, "[u]pon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of– (A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; (B) projected earnings and other income of the defendant; and (C) any financial obligations of the defendant; including obligations to dependents. ...." Id. at p. 16.[2] Petitioner's argument, however, does not acknowledge the reference in § 3664(f)(2) to the application of 18 U.S.C. § 3572 to the payment of restitution. 18 USC 3572(d), which provides as follows:

---

[2] Again, to the extent that the instant Petition challenges the legality of the sentencing court's restitution order, rather than the execution of Petitioner's sentence, it is not cognizable under § 2241

> (d) Time, method of payment, and related items.--
>   (1) A person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments. If the court provides for payment in installments, the installments shall be in equal monthly payments over the period provided by the court, unless the court establishes another schedule.
>   (2) If the judgment, or, in the case of a restitution order, the order, permits other than immediate payment, the length of time over which scheduled payments will be made shall be set by the court, but shall be the shortest time in which full payment can reasonably be made.
>   (3) A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

Petitioner indicates that in his case, the criminal judgment sets the amount of restitution and specifically orders that it is due in full immediately, rather than on any established pay schedule. See Petition at p. 4, 9; See also 18 U.S.C. § 3572(d) ("A person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately ... unless the court establishes another schedule.") (emphasis added). The requirement to make payment immediately indicates fines and restitution "are to be paid to the greatest extent possible and as soon as possible." Summersett v. Baucknecht, 496 F.Supp.2d 636, 639 (D.S.C.2007) (citing Coleman v. Brooks, 133 F. App'x. 51, 53 (4th Cir.2005) (unpublished)). Participation in the IFRP "is only a vehicle for ensuring payment is made," and the "program only 'provides Petitioner a means to comply with the court directive and statutory requirement to pay immediately.' " Id. at 640 (quoting Webb v. Hamidullah, No. 0:06–422–HFF–BM, 2006 WL 1946441 (D.S.C. July 11, 2006)).

Petitioner's court imposed restitution was due immediately, or as soon as possible, so the BOP's application of the IFRP to encourage Petitioner to make progress towards meeting his financial obligation does not violate the court's authority to set the amount and timing for payments.

See United States v. Miller, 77 F.3d 71, 77–78 (4th Cir.1996) (sentencing court may not delegate to the BOP the court's statutory authority under 18 U.S.C. § 3572(d) to set the amount and timing for fine payments). Unlike the judgment in Miller, the judgment in Petitioner's case, which he asserts order that restitution be paid "in full immediately," does not affirmatively delegate the task of setting payment amounts and timing to the BOP. Further, the "[p]articipation in the Inmate Financial Responsibility Program (IFRP) does not establish a violation of Miller." Coleman, 133 F. App'x. at 53. "The immediate payment directive is generally interpreted to require payment to the extent that the defendant can make it in good faith, beginning immediately." Id. (citing Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir.2002) (internal quotation marks omitted) (holding that "BOP has the discretion to place an inmate in the IFRP when the sentencing court has ordered immediate payment of the court-imposed fine")(citing McGhee v. Clark, 166 F.3d 884, 886 (7th Cir.1999), and Montano-Figueroa v. Crabtree, 162 F.3d 548, 549-50 (9th Cir.1998)).

Additionally, the majority of the circuits have upheld the BOP's authority to implement the IFRP in the face of various challenges. See, e.g., United States v. Watkins, 161 F. App'x 337 (4th Cir.2006) (unpublished) (holding that the BOP placement of an inmate in the IFRP is not an impermissible delegation of authority); Durham v. Hood, 140 F. App'x 783, 785 (10th Cir.2005) (unpublished) (holding that the BOP has authority to set payment schedules under IFRP); Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir.2002) (BOP has discretion to place inmate in IFRP when sentencing court has ordered immediate payment of court imposed fine); Johnpoll v. Thornburgh, 898 F.2d 849, 851 (2d Cir.1990) (BOP did not exceed statutory authority, nor depart from agency regulations, by administering IFRP to collect court-ordered civil judgments or fines); James v. Quilan, 866 F.2d 627, 631 (3d Cir.1989) (IFRP serves a valid penological objective of rehabilitation by facilitating repayment of debts, so not violation of due process). Additionally, challenges to the

constitutionality of the program uniformly fail. Davis v. Wiley, 260 Fed. Appx. 66, 68 (10th Cir.2008) (unpublished) ( "Every court to consider a challenge to the IFRP's constitutionality has upheld it."). The applicable law supports a finding that the BOP may apply the IFRP to encourage Petitioner's payment of his court-ordered restitution. The petition in this case, therefore, does not establish that the BOP is improperly using the IFRP as an avenue to collect Petitioner's restitution debt. See McGhee v. Clark, 166 F.3d 884, 886 (7th Cir.1999) ("Nothing barred the BOP from ensuring pursuant to the IFRP that [defendant] make good-faith progress toward satisfying his court-ordered obligations."); see also 28 C.F.R. § 545.11 (2004) (requiring inmates to make payments towards court-ordered obligations). The petition does not establish that Petitioner is entitled to relief pursuant to 28 U.S.C. § 2241.

## Recommendation

Accordingly, it is recommended that the Petition for Writ of Habeas Corpus in this case be dismissed without prejudice.

s/ Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

August 4, 2015
Florence, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).