**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Jeffrey S. Hall, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No.: 4:15-cv-2132-PMD-TER |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Linda Thomas, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____) | | |

Petitioner, proceeding *pro se*, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(C), the petition was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation ("R & R"). This matter comes before the Court upon Petitioner's objections to United States Magistrate Judge Thomas E. Rogers, III's recommendation that the Court dismiss the petition without prejudice. (ECF Nos. 15 & 10.) For the reasons provided below, the Court overrules Petitioner's objections, adopts Magistrate Judge Rogers' R & R, and dismisses the petition without prejudice.

**BACKGROUND**

Petitioner is serving a federal prison sentence for armed bank robbery and related offenses. At sentencing, the court also ordered Petitioner to pay $24,739.26 in restitution, due in full immediately. Petitioner is challenging the Bureau of Prisons' ("BOP") efforts to collect that restitution through the BOP's Inmate Financial Responsibility Program ("IFRP"). Specifically, Petitioner contends that the BOP cannot use the IFRP to collect periodic partial restitution payments because the sentencing court did not provide for a payment plan in its sentence.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

*Pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**DISCUSSION**

The Court first addresses several objections that are not sufficient to trigger de novo review. First, Petitioner "objects to the entire" R & R. (Objs., ECF No. 15, at 2.) Objections to R & Rs must be specific; by definition, catchall objections are not specific. *See Wilbanks v. Byars*, No. 4:11-cv-2675-MGL, 2012 WL 6186353, at *2 (D.S.C. Dec. 12, 2012) (holding a party's objection to an entire R & R was not sufficiently specific to warrant review). Second, Petitioner "objects to the R & R on page 4 and 5." (Objs., ECF No. 15, at 3.) This objection lacks the required amount of specificity because it does not indicate what on those pages Petitioner finds objectionable.[1] Lastly, Petitioner makes a three-page "summary of objections" that, for the most part, merely restates the arguments in the petition. Such statements do not constitute cognizable objections. *See Malik v. Sligh*, No. 2:11-cv-1064-RBH, 2011 WL 6817750, at *2 (D.S.C. Dec. 28, 2011) (rejecting portions of plaintiff's objections that rehashed his initial arguments before the magistrate or stated the applicable law of the case). The Court overrules these insufficient objections.

The Court next addresses Petitioner's objections to specific portions of the R & R. The Court will address each of them in the order presented.

First, Petitioner argues Magistrate Judge Rogers mischaracterized Petitioner's claim as one that "the BOP lacks authority to collect Petitioner's restitution payments." (R & R, ECF No. 10, at 2.) However, in making that statement, Magistrate Judge Rogers was summarizing page 9 of the petition. On that page, Petitioner explicitly alleges the BOP "lacks the authority to collect restitution payments from" Petitioner. (Pet., ECF No. 1, at 9.) Magistrate Judge Rogers' recitation of Petitioner's allegation is accurate.

---
1. In any event, the Court has reviewed those two pages and has not found anything incorrect on them.

3

Second, and similarly, Petitioner contends Magistrate Judge Rogers failed to understand Petitioner's precise claim—"that the BOP exceeded its authority when it took it upon itself to create a payment schedule that was not set forth" by the sentencing court. (Objs., ECF No. 15, at 4.). After reviewing the petition and the R & R, this Court concludes Magistrate Judge Rogers not only correctly understood Petitioner's argument but correctly analyzed it.

Third, Petitioner contends the R & R erroneously states that Petitioner is challenging the validity of the IFRP itself. The Court sees no such statement in the R & R.

Fourth, Petitioner contends that the portions of the R & R discussing *United States v. Miller*, 77 F.3d 71 (4th Cir. 1996), and related cases support Petitioner's claim. Although the Court does not believe Magistrate Judge Rogers' analysis of *Miller* and its progeny help Petitioner, the Court will not reject analysis that the Petitioner believes is helpful.

To the extent Petitioner is arguing that Magistrate Judge Rogers' analysis conflicts with his ultimate recommendation to dismiss the petition, the Court finds no merit in that argument. Under 18 U.S.C. § 3572(d)(1), restitution is due immediately unless the sentencing court orders otherwise. *See also* 18 U.S.C. § 3664(f)(2) (requiring that sentencing courts comply with § 3572 by specifying the schedule for making restitution payments). In *Miller*, the sentencing court imposed a fine and restitution but ordered that the defendant make payments at such times and in such amounts as the BOP would direct. 77 F.3d at 74. Vacating the sentence, the Fourth Circuit held that sentencing courts cannot affirmatively delegate to the BOP their authority to set the amount and timing of payments. *Id.* at 78; *see also United States v. Johnson*, 48 F.3d 806, 808–09 (4th Cir. 1995) (holding sentencing courts cannot delegate their authority to set the amount of restitution payments). Since *Miller*, many prisoners with immediately-due restitution obligations have filed § 2241 petitions arguing that their participation in the IFRP constitutes an unlawful

4

delegation of sentencing authority. The Fourth Circuit and this Court summarily dismiss such petitions, holding that there is no *Miller* violation when a prisoner whose restitution is immediately due participates in an IFRP payment plan. *See, e.g.*, *Coleman v. Brooks*, 133 F. App'x 51, 52 (4th Cir. 2005); *Summersett v. Baucknecht*, 496 F. Supp. 2d 636, 640 (D.S.C. 2007); *Webb v. Hamidullah*, No. 0:06-cv-422-HFF-BM, 2006 WL 1946441, at *1 (D.S.C. July 11, 2006). Thus, there is no inconsistency between Magistrate Judge Rogers' recommendation of dismissal and his application of *Miller* and *Coleman* to Petitioner's claim. More importantly, this Court finds no error in either the recommendation or the analysis. Petitioner's claim is indistinguishable from the meritless claims in *Coleman*, *Summersett*, and *Webb*.

Finally, Petitioner suggests that this Court order Respondent to file a response before ruling on the merits of the case. On the same day that Magistrate Judge Rogers issued his R & R, he issued a separate order directing Respondent not to file a response to the petition because it is subject to summary dismissal. The Court construes Petitioner's suggestion as an objection to that ruling. *See* Fed. R. Civ. P. 72(a). The Court finds no error in that ruling. Making Respondent file a response will serve no useful purpose. Petitioner's claim clearly has no merit.

In sum, the Court finds no merit in any of Petitioner's objections and, accordingly, overrules all of them. After reviewing the record, the Court concludes that Magistrate Judge Rogers' R & R accurately analyzes this case and the applicable law and that the R & R makes a proper recommendation for the disposition of this case. Finding no substantive errors in the R & R, the Court adopts it and incorporates it by reference into this order.

## **CONCLUSION**

Therefore, for the reasons given above and for the reasons articulated by Magistrate Judge Rogers, it is **ORDERED** that Petitioner's objections are **OVERRULED** and that the petition is **DISMISSED** without prejudice and without service of process.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**October 8, 2015**
**Charleston, South Carolina**

6